# UNITED STATES DISTRICT COURT
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| RACHAEL STEGALL | § | |
| | § | CASE NUMBER: |
| | § | |
| V. | § | |
| | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| ALLIED INTERSTATE, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Preliminary Statement

1.      Plaintiff, Rachael Stegall, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA, the TDCA and the DTPA.

2.      Defendant, Allied Interstate, attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation.  The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.  Allied Interstate can be served by serving its registered agent, CT Corporation System at, 350 North St. Paul St., Dallas, Texas 75201.

**JURISDICTION AND VENUE**

3.      This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* to secure permanent injunctive relief and other equitable relief, including rescission, restitution, and disgorgement, against defendant for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692.

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1337(a), and 1367.

5.      Venue is proper in the United States District Court because the acts and transactions occurred here and the Defendant transact business here.

**DEFINITIONS**

6.      As used in reference to the FDCPA, the terms "creditor," "debt," and "debt collector" are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a and 15 U.S.C. § 1692j(a) and (b).

**THE PARTIES**

7.      The FDCPA, 15 U.S.C. § 1692 which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8.      Defendant, Allied Interstate, is a collection agency with offices all over the Country, that is in the business of collecting consumer debt. Allied Interstate engaged in the business of collecting consumer debts in the Southern District of Texas.  The principal purpose of Allied Interstate's business is the collection of consumer debts using the mail, telephone, and regularly attempts to collect consumer debts for others.  Allied Interstate is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code

§ 392.001(6). Allied Interstate is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

9.      Plaintiff, Rachael Stegall is an individual who resides in Galveston County, Texas and is a consumer as defined by the FDCPA.

## FACTUAL ALLEGATIONS

10.      On November 21, 2008 Plaintiff started to receive telephone calls from Defendant.

11.      On November 24, 2008 Plaintiff received 7 telephone calls from Defendant.

12.      On November 25, 2008 Plaintiff received 2 telephone calls from Defendant.

13.      On November 26, 2008 Plaintiff received 2 telephone calls from Defendant.

14.      On November 27, 2008 Plaintiff received 3 telephone calls from Defendant.

15.      On November 28, 2008 Plaintiff received 2 telephone calls from Defendant.

16.      On November 29, 2008 Plaintiff received 1 telephone call from Defendant.

17.      On December 2, 2008 Plaintiff received 6 telephone calls from Defendant.

18.      On December 3, 2008 Plaintiff sent Defendant a Cease and Desist Letter via fax, stating that Plaintiff did not want to be contacted in regard to the debt anymore. A copy of the letter is attached as exhibit "A" and is incorporated hereto as if copied word for word verbatim.

19.     On December 3, 2008 Plaintiff received 13 telephone calls from Defendant.

20.     On December 4, 2008 Plaintiff received 22 telephone calls from Defendant.

21.     On December 5, 2008 Plaintiff received 1 telephone call from Defendant.

22.     On December 8, 2008 Plaintiff received 2 telephone calls from Defendant.

23.     The foregoing acts and omissions of the Defendants were undertaken by each of them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

24.     The foregoing acts and omissions of the Defendants were undertaken by each of them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiffs.

25.     All of Defendant's actions occurred within one year of the date of this Complaint.  Moreover, the actions made by Defendant in their collection attempts are to be interpreted under the "unsophisticated consumer" standard.  (See, Bartlett v. Heibl, 128 F3d. 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and Gammon v. GC Services, LTD. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c Of The FDCPA –
### Communicating with Consumer After Cease and Desist

26.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraph.

27.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after the consumer has requested in writing that consumer wants the collector to cease communication.

28.     Defendant's repeated telephone calls after receiving written notice stop cease communication is an unlawful action, which thus violates § 1692c of the FDCPA.

29.     Defendant's violations of § 1692c of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees.  (See, 15 U.S.C. § 1692k).

### COUNT II
### Violation Of § 1692d Of The FDCPA –
### Repeated Telephone Calls

30.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraph.

31.     Section 1692d(5) of the FDCPA prohibits a debt collector from causing the telephone to ring or engage any person in telephone conversations repeatedly.

32.     Defendant's repeated and multiple telephone calls in the same day is an unlawful action, which thus violates § 1692d of the FDCPA.

33.     Defendant's violations of § 1692d of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees.  (See, 15 U.S.C. § 1692k).

### COUNT III
### Violations of the Texas Debt Collection Act
### Specifically, Violation of Tex. Fin. Code § 392.302

34.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

35.     Defendant violated the TDCA, specifically, Tex. Fin. Code Ann. § 392.302(4),  by causing Plaintiff's telephone to ring repeatedly or continuously and making repeated or continuous telephone calls, with the intent to harass the Plaintiff.

36.     Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### COUNT IV
### Violations of the Texas Deceptive Trades Practices Act

37.     The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.  Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendants' violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

38.     Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render them jointly and severally liable to Plaintiffs for injunctive relief, and reasonable attorney's fees.

### PRAYER FOR RELIEF

Plaintiff, Rachael Stegall, prays that this Court:

1.  Declare that Defendant's debt collections practices violated the FDCPA and TDCA;

2.  Enjoin the Defendant's actions which violate the TDCA and the DTPA;

3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, punitive damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;

4. Grant such further relief as deemed just.

Respectfully submitted,

The Heston Law Firm, PC

/s/ Daniel J. Ciment
_____
James B. Heston
Texas Bar No. 00787689
Daniel J. Ciment
Texas Bar No. 24042581
2909 Hillcroft
Suite 410
Houston, TX 77057
713-270-4833 – phone
713-270-6773 – fax
ATTORNEY'S FOR PLAINTIFF